IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LUIS RAUL CABRERA, ET AL.,** | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: RWT-13-1574 |
| **BANK OF AMERICA, N.A., ET AL.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This is a case about the age old question of whether one can get two bites at an apple. In the case before this Court, the question is whether the Plaintiffs can get a second bite in Maryland after dismissal by a United States District Court in North Carolina of a case brought by them on essentially the same facts. As explained below, this Court concludes that the Plaintiffs cannot.

## BACKGROUND

The Plaintiffs, Luis and Jeanese Rosalie Cabrera, are a married couple. In early 2011, Jeanese Cabrera's employer, the United States Department of Agriculture, reassigned her to the Washington, D.C. area from Raleigh, N.C. The Department of Agriculture provided the Cabreras with a relocation package including the services of a relocation service provider called CapRelo that offered to purchase their Raleigh, N.C. home for its appraisal value of $190,000, an amount approximately $16,000 less than the outstanding balance of the mortgage loan held by Bank of America, N.A. ("BOA"). BOA directed the Cabreras to deal with a third-party, Loan Resolution Corporation ("LRC"), that handles BOA's short-sales. The closing was delayed

1

numerous times, and the parties were unable to close the deal before the offer from the relocation service provider expired. Additionally, before suit was filed, the Cabreras allege that Defendant Select Portfolio Servicing, Inc. ("SPS") attached a notice to the front door of their Raleigh home, and damaged the lawn by using a "commercial grade" lawn mower.

On October 17, 2011, the Cabreras filed a complaint in the United States District Court for the Eastern District of North Carolina against BOA and LRC. They asserted "five causes of action against both defendants: breach of contract, misrepresentation, promissory estoppel, unfair and deceptive trade practices, and unjust enrichment." *Cabrera v. Bank of America, N.A.*, No. 5:11–CV–563–FL, 2013 WL 551697, at *1 (E.D.N.C. Feb. 12, 2013). On February 12, 2013, the court dismissed without prejudice the Cabreras' contract, misrepresentation, unfair and deceptive trade practices, and unjust enrichment claims, dismissed with prejudice their promissory estoppel claim, and denied without prejudice their motion for leave to file an amended complaint. *Id.* at *7.

On February 15, 2013, the Clerk of the North Carolina court entered a judgment reflecting the granting of the Defendants' motions to dismiss in their entirety, the denial of Plaintiffs' motion for leave to file an amended complaint, and concluded by stating that the Plaintiffs "shall have and recover nothing from this action." ECF No. 41. The Cabreras moved for relief from the Order and Judgment and filed a second motion to amend their complaint. On March 8, 2013, the North Carolina court entered an Opinion and Order denying relief from the judgment. ECF No. 47. In addition, leave to file a second amended complaint was denied, the court concluding that the Cabreras had not provided or forecasted "any additional facts, beyond what is stated in the complaint, so as to support their motion to amend." *Id.* Concluding that any

numerous times, and the parties were unable to close the deal before the offer from the relocation service provider expired. Additionally, before suit was filed, the Cabreras allege that Defendant Select Portfolio Servicing, Inc. ("SPS") attached a notice to the front door of their Raleigh home, and damaged the lawn by using a "commercial grade" lawn mower.

On October 17, 2011, the Cabreras filed a complaint in the United States District Court for the Eastern District of North Carolina against BOA and LRC. They asserted "five causes of action against both defendants: breach of contract, misrepresentation, promissory estoppel, unfair and deceptive trade practices, and unjust enrichment." *Cabrera v. Bank of America, N.A.*, No. 5:11–CV–563–FL, 2013 WL 551697, at *1 (E.D.N.C. Feb. 12, 2013). On February 12, 2013, the court dismissed without prejudice the Cabreras' contract, misrepresentation, unfair and deceptive trade practices, and unjust enrichment claims, dismissed with prejudice their promissory estoppel claim, and denied without prejudice their motion for leave to file an amended complaint. *Id.* at *7.

On February 15, 2013, the Clerk of the North Carolina court entered a judgment reflecting the granting of the Defendants' motions to dismiss in their entirety, the denial of Plaintiffs' motion for leave to file an amended complaint, and concluded by stating that the Plaintiffs "shall have and recover nothing from this action." ECF No. 41. The Cabreras moved for relief from the Order and Judgment and filed a second motion to amend their complaint. On March 8, 2013, the North Carolina court entered an Opinion and Order denying relief from the judgment. ECF No. 47. In addition, leave to file a second amended complaint was denied, the court concluding that the Cabreras had not provided or forecasted "any additional facts, beyond what is stated in the complaint, so as to support their motion to amend." *Id.* Concluding that any

amendment to the complaint would be "futile," the motion to amend was denied. *Id.* No appeal was taken and no further proceedings have taken place in that court.

Undaunted by their failure to obtain relief in the United States District Court for the Eastern District of North Carolina, the Cabreras filed a complaint in the Circuit Court for Prince George's County, Maryland on or about April 18, 2013. BOA removed the case to this Court and on June 6, 2013, BOA and LRC filed Motions to Dismiss. ECF Nos. 8, 10. On June 25, 2013, the Cabreras filed an amended complaint alleging 1) breach of contract against BOA and LRC, 2) detrimental reliance against BOA and LRC, 3) negligent hiring and retention against BOA and LRC, 4) intentional misrepresentation against LRC, 5) a violation of the Maryland Consumer Protection Act against BOA and LRC, 6) a violation of the Maryland Mortgage Fraud Protection Act against BOA and LRC, 7) Defamation and Defacement of Property against BOA,[1] and 8) respondeat superior against BOA. ECF No. 29. BOA & LRC filed Motions to Dismiss the Plaintiffs' Amended Complaint. ECF Nos. 45, 47.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege

---

[1] Select Portfolio Servicing, Inc. ("SPS") was originally named as a Defendant in this Count, but the case was dismissed as to SPS on November 27, 2013. ECF No. 63.

enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

## ANALYSIS

### I. Breach of Contract

The only contract alleged to have been breached in this case is one that the Cabreras claim to have entered into while they were in North Carolina. Accordingly, the question of contract formation is governed by North Carolina law and, fortunately, this court has the benefit of a careful and exhaustive analysis of that issue by the United States District Court for the Eastern District of North Carolina which has already concluded that there cannot be a claim for breach of contract in this case. The Cabreras were unsuccessful in convincing the North Carolina federal court to modify its judgment, and that court also declined to permit an amendment of the complaint in that court because to do so would have been futile. Their claims can fare no better here, and there is simply no "second bite at the apple" available to them. Accordingly, for the reasons stated in the decision in the United States District Court for the Eastern District of North Carolina, the motions to dismiss Count I of the Amended Complaint will be granted.

### II. Detrimental Reliance

This count of the Cabreras' Amended Complaint is indistinguishable from the promissory estoppel count included in the complaint filed in the North Carolina federal court. Once again, this claim made by the Cabreras has been addressed, and resolved adversely to them, by the

federal court in North Carolina. For the reasons relied upon by that sister federal court, this Court also concludes that the detrimental reliance count does not state a cause of action and must be dismissed.

**III.     Negligent Hiring and Retention**

The claim by the Cabreras for negligent hiring and retention, while not raised in the North Carolina federal court, is deficient as a matter of law and will be dismissed. To state a claim for negligent hiring, plaintiffs must allege "(1) the wrongful act on which the claim is founded . . .; (2) the incompetency of the [employees] to perform their duty, either by inherent unfitness for the job, or by showing such incompetence by previous conduct; and (3) either actual or constructive notice to defendant of the [employee's] unfitness or bad conduct." *B.B. Walker Co. v. Burns Int'l Sec. Servs., Inc.*, 424 S.E.2d 172, 175 (1993).

This Court and our sister federal court have concluded that there is no viable claim for breach of contract or misrepresentation, and thus there can be no "wrongful act" to serve as the basis for this claim. Accordingly, the Cabreras' claim for negligent hiring and retention must be dismissed.

**IV.     Intentional Misrepresentation**

With regard to the claim for intentional misrepresentation, the allegations by the Cabreras are, as they were in North Carolina, inadequate as a matter of law. The intentional misrepresentation count in the Amended Complaint before this Court is indistinguishable from the misrepresentation count contained in the North Carolina complaint. Accordingly, for the reasons stated by our sister court in North Carolina, this count of the Amended Complaint will also be dismissed.

**V.     Maryland Consumer Protection Act ("MCPA")**

In North Carolina, the Cabreras included a claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act, and our sister federal court found this claim to be wanting and dismissed it. It is clear that the transactions at issue in this case took place in and are governed by North Carolina, not Maryland, law. The North Carolina federal court has already responded to the question of violation of consumer protection laws and found that a claim under the North Carolina statute cannot be asserted.

Undaunted, the Cabreras assert a claim in this Court under the Maryland Consumer Protection Act, an act which generally prohibits unfair or deceptive trade practices including any "[f]alse, . . . or misleading oral or written statement, . . . which has the capacity, tendency, or effect of deceiving or misleading consumers." Md. Code Ann., Com. Law § 13-301 (2013). The factual bases for the alleged violation of the MCPA by BOA and LRC are essentially the same as their intentional misrepresentation allegations which are deficient as a matter of law. The Maryland statute does not apply, but even if it did, the Cabreras have not alleged a false statement. Accordingly, the Maryland Consumer Protection Act claim will be dismissed.

VI.     **Maryland Mortgage Fraud Protection Act ("MMFPA")**

The Cabreras also allege violations of the MMFPA. The MMFPA prohibits "deliberate misstatement[s], misrepresentation[s], or omission[s] during the mortgage lending process." Md. Code Ann., Real Prop. § 7-401 (2013). Because the law of North Carolina, rather than Maryland, governs the Cabreras' claims, Count VI shall be dismissed.

However, even if Maryland law were applicable, which it is not, the plain language of the MMFPA demonstrates that its coverage is limited to actions occurring in the mortgage origination process and does not extend to allegedly fraudulent actions during a potential short-sale. The Act defines the "mortgage lending process" as the "process by which a person seeks or

6

obtains a mortgage loan . . . ." MD Code Ann., Real Prop. § 7-401(e). Claims asserted by the Plaintiffs under this count relate to the process through which they were seeking a short-sale of their property in 2011, long after the mortgage lending process had concluded. Therefore, the claim for violation of the MMFPA will be dismissed.

### VII. Defamation

The Cabreras have also included a claim in their Amended Complaint for "defamation and defacement of property." They allege that BOA used a "commercial grade" lawnmower on their property and placed a sign on the front door indicating that the property had been found vacant and that the information would be reported to the mortgage holder, thus defaming them.

A claim of the nature asserted in this count could and should have been asserted in North Carolina, and would be governed by North Carolina law. The Cabreras, however, were not permitted to amend their complaint because the North Carolina court concluded that an amendment would be "futile." They should not fare any better in this Court simply because they are in a Maryland federal court rather than a North Carolina federal court.

Even if one were to assume that the Maryland law of defamation applies in this case, this count of the Amended Complaint is insufficient as a matter of law. In Maryland, a plaintiff in a defamation case must allege and prove, "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement(s), (4) that the plaintiff thereby suffered harm." *Norman v. Borison*, 418 Md. 630, 645 n. 10 (2011). In order for a statement to be defamatory, it must be one which "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Id.*

7

Here, the Cabreras have not alleged that the information contained in the sign posted on their door was false and defamatory, nor have they alleged that anything on the sign exposed them to public scorn, hatred, contempt, or ridicule. Although they combine their defamation count with a claim for "defacement," there does not appear to be a civil cause of action by that name. Thus, Count VII of the Amended Complaint will be dismissed.

## VIII. Respondeat Superior

Finally, the Cabreras include an eighth count for "respondeat superior," asserted only against BOA. Respondeat superior, however, "is not a separate cause of action, but rather a doctrine that permits the imputation of liability on a principal or employer for the act of an agent or employee." *DePhillips v. United States*, 8:09-CV-00905, 2009 WL 4505882 (D. Md. Nov. 24, 2009).

## **CONCLUSION**

The patience of this Court with a pro se litigant, especially one who is an attorney, is not limitless. Claims asserted in this Court have already been thoroughly examined and found wanting by a federal court in North Carolina, which prohibited amendment because to do so would have been futile. One would have thought that would have been the end of the matter. However, the Cabreras have essentially repackaged the identical claims rejected by the North Carolina federal court and brought them in the Circuit Court for Prince George's County, from which they were removed to this Court. BOA and LRC have been required to oppose this action in not one, but three different courts. The case ends in this Court as it did in North Carolina. The claims of the Plaintiffs are wanting as a matter of law, and the Amended Complaint, and

each and every count therein, will be dismissed with prejudice, with costs awarded to the Defendants.[2]

Date: March 26, 2014                                                      /s/
                                                        ROGER W. TITUS
                                                 UNITED STATES DISTRICT JUDGE

---

[2] The Cabreras have also filed a Motion to Change Venue [ECF No. 41] which is utterly without merit. They filed their action in the Circuit Court for Prince George's County, one of the five counties comprising the Southern Division of this Court. The Defendants, as they were entitled to do, removed the case to this Court. It is the Cabreras who chose to sue in a county within the Southern Division of this Court, not the Defendants, and they cannot now be heard to complain. Moreover, Local Rule 501.2 provides that a "case removed from a state tribunal shall be assigned to one (1) of the Judges sitting in the division of the Court in which the state tribunal is located."